Nash,- I.
 

 The only question, arising under the instructions prayed for, is, whether the payments made by the defendant, after his arrest on the
 
 ca. sa,
 
 and
 
 before the
 
 filing of his schedule, were in fraud of the rights of the plaintiff. We are clearly of opinion that they were not — in other words,- that the law gave the defendant the right to pay any debt, which he justly owed, before the filing of his schedule, provided the debt was due before the arrest. The insolvent Act,- as it is called, evidently by its phraseology, contemplates that the schedule, filed by a defendant; shall contain a true account of all his property, as it is at the time of its being filed. The 4th section of the Act, in pointing out what measures a debtor who has remained in close confinement for twenty days, shall pursue to obtain his discharge, prescribes the oath tobe taken by him. It is, “I, A. B., in the presence of Almighty God, solemnly swear, profess and declare that the schedule
 
 now
 
 delivered &c.” This section emphatically shews, that the time, to which the Act refers, as governing the insolvent’s right to take the oath is, when the schedule is filed. If, at that time, he makes a true statement of his property, and in the mean time
 
 “
 
 has not directly or indirectly, in any way disposed. of any of it, either real or personal, whereby to secure to himself any profit or advantage, or to defraud or deceive any of his creditors,” the laAV is content, and he is entitled to his discharge. A
 
 fieri
 
 fa-
 
 *287
 

 cias
 
 binds the property of the debtor from its leste,
 
 so
 
 that he cannot alien any portion of it, to the disappointment of the plaintiff. A
 
 ca. sa.
 
 binds nothing but the body, upon which it is executed, and leaves the debtor’s property free to be disposed of, as he pleases. When, however, he comes to claim the benefit of the law provided for him, he must be prepared to bring himself within its provisions. In this case it is admitted, that the money in question was appropriated by the defendant to the payment of debts
 
 bona jide
 
 and justly due by him. In paying these debts he has violated no law, nor been guilty of any fraud. We think, therefore, there was no error in the charge of the Judge, and the judgment must be affirmed.
 

 Per Coeiam, Judgment affirmed.